```
                                                    ┌─────────────────────────────────┐
                                                    │ USDC SDNY                       │
                                                    │ DOCUMENT                        │
UNITED STATES DISTRICT COURT                        │ ELECTRONICALLY FILED            │
SOUTHERN DISTRICT OF NEW YORK                       │ DOC #: _____         │
------------------------------------------------ X  │ DATE FILED:  7/1/2026           │
                                                :   └─────────────────────────────────┘
BULGARI, S.P.A.,                                :
                                                :
                        Plaintiff,              :          1:26-cv-5324-GHW
                                                :
            -v-                                 :               ORDER
                                                :
THE PARTNERSHIPS AND                            :
UNINCORPORATED ASSOCIATIONS                     :
IDENTIFIED ON SCHEDULE A,                       :
                                                :
                        Defendants.             :
                                                :
------------------------------------------------ X
```

GREGORY H. WOODS, United States District Judge:

## I.    BACKGROUND

On June 24, 2026, Plaintiff filed this action asserting claims against ten Defendants for trademark infringement and counterfeiting under 15 U.S.C. § 1114 and false designation of origin and unfair competition under 15 U.S.C. § 1125(a). *See generally* Dkt. No. 1; Dkt. No. 6. On June 26, 2026, the Court issued an order to show cause as to why the Court should not dismiss all Defendants except for Defendant 1 from this action for misjoinder without prejudice to refiling claims against the other nine Defendants in separate civil actions. Dkt. No. 9. As the Court explained in the June 26, 2026 order, "Plaintiff['s complaint] does not state a basis for why joining the Defendants in a single action is proper . . . [n]or does the complaint identify specific facts connecting the operation of any particular Defendant's storefront to that of any other Defendant." *Id.* at 1.

On June 30, 2026, Plaintiff filed a response. Resp. to Order to Show Cause ("Resp."), Dkt. No. 10. In the response, Plaintiff argued that joinder of all ten Defendants in this action meets Federal Rule of Civil Procedure 20's requirements because all ten Defendants allegedly reside or operate in China, all ten Defendants use unspecified "tactics" to conceal their identities, all ten

Defendants sell counterfeit BVLGARI products through e-commerce storefronts, all ten Defendants operate under aliases to sell the allegedly infringing products, and because all ten Defendants "employ and benefit from substantially similar advertising and marketing strategies." *Id.* at 5. In short, Plaintiff's theory is that joinder of the ten Defendants in this action is proper because the Defendants incidentally share some similar traits and because proceeding in separate civil actions would be inconvenient and cost Plaintiff more money than proceeding in one action. *Id.* at 4–9.

Under governing law as described in the Court's order to show cause, Dkt. No. 10, and this order, the Court is not persuaded that there is sufficient similarity between the ten Defendants to permit them to be joined in a single case. As a result, Plaintiff has failed to show that joinder is proper. The Court therefore exercises its discretion to drop the improperly joined parties. As discussed below, the claims against all Defendants except Defendant 1 are dismissed without prejudice to refiling each of the claims in separate civil actions.

## II.     LEGAL STANDARD

While the text of Federal Rule of Civil Procedure 21 "is silent as to what constitutes misjoinder," "[t]he cases make it clear that parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a)." 7 FED. PRAC. & PROC. CIV. § 1683 (3d ed. 2023). Rule 20(a)(2) permits joinder of multiple defendants in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 20, therefore, "permits joinder when the relief sought arises out of the same transaction, occurrence, or series of transactions or occurrences, and there is a common question of law or fact." *Arch Ins. Co. v. Harleysville Worcester Ins. Co.*, 56 F. Supp. 3d 576, 583 (S.D.N.Y. 2014). "The plaintiff bears the burden of demonstrating that joinder is warranted under

Rule 20." *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009).

In interpreting the term "same transaction [or] occurrence" under Rule 20, "many courts [in the Second Circuit] have drawn guidance from the use of the same term in Rule 13(a), [which] appl[ies] to compulsory counterclaims." *Abraham v. Am. Home Mortg. Servicing, Inc.*, 947 F. Supp. 2d 222, 228 (E.D.N.Y. May 23, 2013) (collecting cases) (citation and internal quotation marks omitted); *see also Lyons v. Litton Loan Servicing LP*, No. 1:13-CV-513, 2014 WL 5039458, at *3 (S.D.N.Y. Sept. 29, 2014) ("Courts in this district have used the Second Circuit's interpretation of [Rule] 13(a)(1)(A)'s 'transaction or occurrence' language as guidance in interpreting the Rule 20 requirement.").

When evaluating the "transaction or occurrence" language in the context of Rule 13(a), "the Second Circuit applies the 'logical relationship' test." *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 557 (S.D.N.Y. 2013) (quoting *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004)); *accord N. Jersey Media Grp. Inc. v. Fox News Network, LLC*, 312 F.R.D. 111, 115 (S.D.N.Y. 2015) (in the context of deciding a Rule 21 motion, noting that "[w]hile '[t]here is no rigid rule as to what constitutes the same series of transactions or occurrences,' courts 'repeatedly have interpreted the phrase 'same transaction' to encompass 'all logically related claims'"" (citations omitted)).

The Second Circuit explains the logical relationship test as follows:

> In determining whether a claim [in the Rule 13(a) context] 'arises out of the transaction . . . that is the subject matter of the opposing party's claim', this Circuit generally has taken a broad view, not requiring 'an absolute identity of factual backgrounds . . . but only a logical relationship between them.' This approach looks to the logical relationship between the claim and the counterclaim, and attempts to determine whether the 'essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'"

*United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979) (citations omitted); *accord In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012) ("To be part of the 'same transaction' requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally

identical, facts."). Likewise, in *Moore v. New York Cotton Exchange*, the United States Supreme Court interpreted the term "transaction" in the Rule 13 context as "a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." 270 U.S. 593, 610 (1926). Moreover, in the Second Circuit, "[a]lthough the 'logical relationship' test does not require 'an absolute identity of factual backgrounds,'" *Jones*, 358 F.3d at 209 (quoting *Aquavella*, 615 F.2d at 22), "at some point the essential facts and 'the thrust of the two claims [are] so basically different that such accepted 'tests of compulsoriness' as 'logical relation' [are] not met . . . ," *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978) (quoting *Ball v. Connecticut Bank & Tr. Co.*, 404 F. Supp. 1, 4 (D. Conn. 1975).

As a result, "[a]lthough courts have interpreted Rule 20(a) liberally to allow related claims to be tried within a single proceeding, 'the mere allegation that Plaintiff was injured by all Defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a).'" *Clay v. Doe*, No. 20-CV-7692, 2020 WL 6151436, at *1 (S.D.N.Y. Oct. 20, 2020) (citing *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126–27 (2d Cir. 1970), then quoting *Deskovic*, 673 F. Supp. 2d at 167). In a trademark infringement action, "the mere fact that multiple parties have allegedly infringed the same trademark does not mean that those parties are transactionally related for purposes of Rule 20." *Golden Goose Deluxe Brand v. Aierbushe*, No. 19-CV-2518, 2019 WL 2162715, at *2 (S.D.N.Y. May 16, 2019) (collecting cases). And while allegations of "coordinated actions or share[d] ownership" among defendants may justify joinder in a trademark infringement action, the complaint must allege facts plausibly connecting each defendants' conduct. *Iconix Brand Grp., Inc. v. Roc Nation Apparel Grp., LLC*, No. 17-CV-3096, 2019 WL 5203256, at *1 (S.D.N.Y. Sept. 26, 2019). "[C]onclusory allegations of conspiracy or joint action are insufficient to permit joinder under . . . the general pleading standard of Rule 8." *Colonial Funding Network, Inc. v. McNider Marine, LLC*, No. 17 CIV. 2644, 2017 WL 5633160, at *4 (S.D.N.Y. Nov. 21, 2017).

### III.   DISCUSSION

Here, the essential facts underlying the claims against each of the ten Defendants are not "so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Aquavella*, 615 F.2d at 22 (quoting *Harris v. Steinem*, 571 F.2d at 123). Each Defendant operates a different e-commerce storefront. Dkt. No. 6. Each Defendant uses a different alias. *Id.* And a cursory review of Exhibit 2, which consists of screenshots of the allegedly infringing products, suggests that while some Defendants offer products that are substantially similar to products offered by other Defendants, other listings appear to involve materially different products, designs, imagery, color schemes, and allegedly infringed trademarks. *See generally* Dkt. No. 7 (appending images of the allegedly infringing handbags, rings, and perfumes). And Plaintiff does not allege that each of the ten Defendants infringed on the same mark. Rather, Plaintiff identifies seven different marks which Defendants' respective products allegedly infringe upon. Dkt. No. 1 ¶ 11. Plaintiff has sought to litigate each Defendants' respective allegedly infringing use of Plaintiff's trademarks by—improperly—joining each set of "basically different" claims under Rule 20(a)(2) in a singular case. *See Harris*, 571 F.2d at 123.

The "essential facts" underlying the infringement claims asserted against each Defendant— with each Defendant selling different types of products, with different designs, through different storefronts, using different aliases, which allegedly infringe on different marks—differ greatly. *Aquavella*, 615 F.2d at 22. To determine whether each of the ten Defendants infringed on Plaintiff's marks, the Court must examine the underlying facts of each Defendant's respective products alongside the mark (or marks) upon which each product allegedly infringed. Because each Defendant sold different products with different designs that infringed upon different marks, resolution of the claims against one Defendant provides no clarification or guidance to the Court regarding how to resolve the claims against the other nine Defendants.

Plaintiff argues that all Defendants are properly joined pursuant to Rule 20 because all ten Defendants share certain superficial similarities, namely that all Defendants reside or operate in China, use unspecified tactics to conceal their identities, sell counterfeit BVLGARI products through e-commerce storefronts, operate under aliases to sell the allegedly infringing products, and "employ and benefit from substantially similar advertising and marketing strategies." Resp. at 5. Plaintiff's argument suffers from two principal failures:  (1) any asserted similarities are mere happenstance; and (2) Plaintiff fails to explain how those general similarities connect each Defendant in this case to one another with respect to the conduct at issue.  "Claims against independent defendants (i.e., situations in which the defendants are not acting in concert) cannot be joined under Rule 20's transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts [which] . . .  requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts.'" *In re EMC Corp.*, 677 F.3d at 1359.  And Plaintiff's contention that all ten Defendants use similar marketing strategies to sell the allegedly infringing products, Resp. at 5 (quoting Dkt. No. 1 ¶¶ 25, 28), is also unpersuasive because "the fact that a large number of people use the same method to violate the law does not authorize them to be joined as defendants in a single lawsuit." *Digital Sins, Inc. v. John Does 1-245*, No. 11 CIV. 8170, 2012 WL 1744838, at *2 (S.D.N.Y. May 15, 2012) (citing *Nassau Cnty. Assoc. of Ins. Agents, Inc. v. Aetna Life & Casualty Co.*, 497 F.2d 1151, 1154 (2d Cir. 1974)); *see also J.T. v. de Blasio*, No. 20 Civ. 5878, 2020 WL 6748484, at *26 (S.D.N.Y. Nov. 13, 2020) (holding that allegations that "the defendants merely committed the same type of violation in the same way" are insufficient to justify joinder).

And while some courts have concluded that "coordinated actions or share[d] ownership" among the defendants can justify joinder in trademark infringement actions like this one—Plaintiff does not allege that such facts are present in this case. *Iconix, LLC*, 2019 WL 5203256, at *1 (citing

*WowWee Grp. Ltd. v. Meirly,* No. 18-CV-706, 2019 WL 1375470, at *6 (S.D.N.Y. Mar. 27, 2019), *reconsideration denied*, No. 18-CV-706, 2020 WL 70489 (S.D.N.Y. Jan. 7, 2020)).  Nothing in the screenshots included in Exhibit 2 or in Plaintiff's response to the Court's show cause order indicates that the allegedly infringing products share a manufacturer or source, or that the separate sellers or their storefronts are commonly owned or operated, or are otherwise connected.  And Plaintiff's argument that the ten Defendants acted in concert or coordinated their conduct also fails because it is purely conclusory.  While Plaintiff asserts that "operators *like Defendants* communicate with each other on chat rooms and through websites regarding tactics for operating multiple accounts" in order to evade detection and avoid potential litigation, Resp. at 7 (quoting Dkt. No. 1 ¶ 27 (emphasis added))—notably, Plaintiff does not contend that the ten Defendants joined in this action engaged in any such coordination, only that other sellers *like* Defendants have allegedly done so.  And based on the facts alleged in the complaint, the ten Defendants appear to be separate, independently owned companies—indeed competitors—which are not involved in the manufacture, sale, distribution, or marketing of any other Defendant's respective allegedly infringing products.

Accordingly, joinder under Rule 20(a)(1) is improper here because the essential facts that gave rise to Plaintiff's respective claims against each of the ten Defendants are not "so logically connected" as to dictate that the issues be resolved together.  *Aquavella*, 615 F.2d at 22.  The facts underlying each infringement claim against each of the ten Defendants are distinct and unrelated; resolving the set of issues as to one Defendant provides no guidance as to how the Court should resolve the issues as to each of the other nine Defendants.  And there is no indication here that the ten Defendants "coordinated action" to infringe on Plaintiff's marks.

Because Plaintiff has failed to satisfy the Rule 20(a)(2)'s preconditions for permissive joinder of parties, joinder of the ten Defendnats in one action is not appropriate.  *See* 7 FED. PRAC. & PROC. CIV. § 1683 (3d ed. 2003).  Rule 21 provides a remedy for misjoinder: "[o]n motion or on its own,

the court may at any time, on just terms . . . drop a party." Fed. R. Civ. P. 21.  A court has "broad discretion in determining whether to add or drop parties." *Urban v. Hurley*, 261 B.R. 587, 593 (S.D.N.Y. 2010).  "The court may add or drop a party because of misjoinder . . . or to promote the efficient administration of justice." *Id.*  The Court, in exercising this discretion, is guided by "principles of fundamental fairness and judicial efficiency." *Anwar v. Fairfield Greenwich Ltd.*, 118 F. Supp. 3d 591, 619 (S.D.N.Y. 2015) (citation omitted).

In exercising its discretion to drop the improperly joined parties, the Court finds that the inclusion of the nine other Defendants in this case "will not foster the objectives of [Rule 20], but will result in prejudice, expense or delay." 7 FED. PRAC. & PROC. CIV. § 1652 (3d ed. 2023).  As discussed, resolving Plaintiff's infringement claims as to one Defendant will in no way meaningfully assist the Court in resolving the claims as to the other nine Defendants, which arise from different "essential facts" and are therefore not "so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Aquavella*, 615 F.2d at 22.

The Court appreciates that the aggregation of what are effectively multiple trademark infringement lawsuits into one may seem to be expedient.  Doing so allows Plaintiff to bring multiple cases against separate infringers for the price of one.  Nonetheless, joinder of all ten Defendants in a single action will delay the resolution of the case as a whole:  the Court cannot resolve Plaintiff's claims against any one Defendant until Plaintiff's claims are resolved against all Defendants.  If the claims against one Defendant are capable of prompt resolution, while claims against a different Defendant are not so easily resolved, Plaintiff will have to wait longer to see the benefit of a prompt resolution, as it waits for the claims against the other nine Defendants to be resolved.

Moreover, it is extremely inefficient to litigate what are effectively ten separate infringement

actions in a single lawsuit—the parties are wholly unrelated, as are the transactions that serve as the basis of the alleged infringement. Because of the different nature of the claims—which involve different marks and different infringing products—asserted against each of the ten Defendants—which appear to be ten distinct entities uninvolved in each other's respective allegedly infringing acts—the Court does not anticipate significant synergies in pre-trial discovery. Nor will there be meaningful synergies in any motion practice: motion practice will turn on the particular factual circumstances of each Defendant's respective allegedly infringing product. And were the action to proceed to trial, the claims against each Defendant could not logically be tried jointly because the claims asserted against each Defendant are factually distinct. In sum, permitting Plaintiff to proceed in a single action against the ten Defendants would be extremely inefficient.

And those inefficiencies are not offset by the marginal value of Plaintiff's savings in filing fees and the cost of the preparation of separate complaints. Because Plaintiff can assert its claims against the other nine misjoined Defendants by refiling new actions at modest cost, the dismissal of those Defendants is not unfair. Therefore, the Court concludes that the misjoined Defendants must be dropped.

## IV.    CONCLUSION

Accordingly, Plaintiff's claims against all Defendants except Defendant 1 are dismissed without prejudice. Plaintiff's motion to seal, Dkt. No. 5, is denied without prejudice to refiling. Plaintiff is directed to file a new complaint naming only Defendant 1 no later than one week following the date of this order. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 5.

SO ORDERED.

Dated: July 1, 2026

_____
GREGORY H. WOODS
United States District Judge

9